(C.R.D. 72–2)

RALSTON PURINA CO. ET AL. *v.* UNITED STATES

(Dated February 11, 1972)

*Glad & Tuttle* (*Robert Glenn White* of counsel) for the plaintiffs.

*L. Patrick Gray, III*, Assistant Attorney General (*Bernard J. Babb*, trial attorney), for the defendant.

RICHARDSON, Judge: Plaintiffs move for an order granting a rehearing herein, setting aside the dismissal order entered in this action by the clerk on December 1, 1971, and permitting the action to repose in a suspension disposition file until June 30, 1972; and the motion is opposed by the defendant.

Examination of the entry papers accompanying the motion papers discloses that the merchandise of this action was appraised on

October 24, 1969, and that the covering entry was liquidated on the same day. Since liquidation of the entry herein occurred within 60 days of the date of the appraiser's report, liquidation was not made upon a *final appraised value* as required under 19 U.S.C.A., section 1503(a) (section 503(a), Tariff Act of 1930, as amended by the Customs Simplification Act of 1953), and as such, is void. See *United States* v. *Boston Paper Board Co.*, 23 CCPA 372, T.D. 48233 (1936), and other cases cited in Memorandum to Accompany Order in *Lamb-Weston, Inc.* v. *United States*, protest No. 69/38803, C.D. 4301, decided December 1, 1971.

Inasmuch as the liquidation of the subject entry was void, the instant action based thereon was a nullity from its inception. And it follows that the court is without jurisdiction to entertain this motion to revive said action. Consequently, plaintiffs' motion must be dismissed.